IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY /C. D.C.

05 MAY 31 PM 6:56

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W/D OF TN, MEMPHIS

| | |
|---|---|
| JOSEPH THOMAS, | |
| Plaintiff, | |
| vs. | No. 04-2881-D/P |
| EDWIN C. LENOW, et al., | |
| Defendants. | |

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS
ORDER OF DISMISSAL
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

Plaintiff, Joseph Thomas, a citizen of Dallas, Texas, filed this complaint based upon diversity jurisdiction, along with a motion to proceed in forma pauperis. The clerk of court shall file the case and record the defendants as Edwin C. Lenow, the State of Tennessee, and the State of Texas. The Clerk shall not issue process or serve any papers in this case.

Thomas alleges he was involved in a child custody dispute with Kim Daugherty in Dallas, Texas. Thomas alleges that Daugherty did not appear at the Texas court hearing and instead moved to Georgia and obtained a custody order. Thomas alleges that when he located Daugherty and instituted court proceedings in Georgia, that she fled to Tennessee. In 2003, Thomas filed pleadings in Shelby County Chancery Court in an attempt to obtain custody of the child. He alleges that private attorney Edwin C. Lenow represents or represented Kim Daugherty in those proceedings.

Thomas alleges that Lenow "misrepresent[ed]" the order of Chancery Court Judge Alissandratos which was entered on August 25, 2003, by telling the Memphis police that the order directed the child should remain in the Shelby County Juvenile Center. Thomas further alleges that Lenow "filed a false police report with the sex crimes unit . . . on September 29, 2003 in order to have [Thomas] arrested for alleged aggravated kidnapping and custodial interference" which resulted in his imprisonment at the Shelby County Jail from April 18, 2004 through May 21, 2004.

Thomas contends that Lenow also told a police officer, a state prosecutor, and his public defender that plaintiff "impersonated a Shelby County Sheriff's deputy in order to remove [the child] from the Shelby County Juvenile Center. Thomas alleges that his public defender then conspired with Lenow to coerce plaintiff into accepting a plea agreement. Finally, plaintiff alleges that Lenow has drafted and utilized orders which have not been properly filed with the Court to thwart plaintiff's child custody proceedings and to obtain another warrant for his arrest.

The Court's review of the Shelby County Criminal Court docket reveals that plaintiff has been indicted by the Shelby County grand jury for criminal impersonation, aggravated rape, especially aggravated kidnapping, and resisting official detention. All charges remain pending and Thomas' next court date is June 23, 2005.

Plaintiff named "The State of Tennessee" and "The State of Texas" as defendants in the heading of his complaint. The complaint contains no specific factual allegations against either

state. Thomas does not seek damages from either state in his prayer for relief. In any event, the claims against the States of Tennessee and Texas are barred by sovereign immunity. Absent a clear abrogation of immunity by congressional action or an express state waiver of that immunity, the Eleventh Amendment prohibits suits against a state in federal court. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985); Pennhurst State Schl. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984); Quern v. Jordan, 440 U.S. 332 (1979). A state is not a person within the meaning of 42 U.S.C. § 1983. Will v. Michigan, 491 U.S. 58, 71 (1989). Even to the extent that a suit seeks only injunctive relief against either State, the Eleventh Amendment still bars the action. Idaho v. Coeur D'Alene Tribe of Idaho, 117 S. Ct. 2028, 2041-42 (1997).

Thomas' claims, whether characterized as malicious prosecution, negligence, malpractice, libel, or slander, all arise from Lenow's representation of Daughtery in the state court child custody proceedings and his alleged involvement in Thomas' state criminal prosecution. The Court first the allegations arising from Lenow's actions during the domestic proceedings. Plaintiff may not attack the state court domestic proceedings or judgment in a collateral proceeding in federal court. This would amount to obtaining review in this court of the decision of a Tennessee court. Any claim arising from the manner in which those proceedings were litigated should have been presented in that forum.

> United States district courts . . . do not have jurisdiction[]over challenges to state-court decisions in particular cases arising out of judicial proceedings even

3

> if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in this [the United States Supreme] Court. 28 U.S.C. § 1257.

District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-83, 486 (1983). See also Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923)(federal district courts lack jurisdiction to review or modify a judgment of a state's highest court). In short, "[l]ower federal courts possess no power whatever to sit in direct review of state court decisions." Cleveland Surgi-Center v. Jones, 2 F.3d 686, 691 (6th Cir. 1993). Similarly,

> federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties. Clark v. Washington, 366 F.2d 678 (9th Cir. 1966); Campbell v. Washington State Bar Ass'n, 263 F. Supp. 991 (W.D. Wash. 1967).

Haggard v. State of Tennessee, 421 F.2d 1384, 1386 (6th Cir. 1970).

To the extent that the state courts still have jurisdiction over any aspect of plaintiff's child custody dispute, this court cannot exercise diversity jurisdiction to interfere in the exercise of the state court's jurisdiction over those domestic relations issues. See, e.g., Mann v. Conlin, 22 F.3d 100, 105-06 (6th Cir. 1994); Hooks v. Hooks, 771 F.2d 935, 942 (6th Cir. 1985); Firestone v. Cleveland Trust Co., 654 F.2d 1212, 1215 (6th Cir. 1981); Jagiella v. Jagiella, 647 F.2d 561, 565 (5th Cir. 1981); Parker v. Turner, 626 F.2d 1, 4 (6th Cir. 1980). The state court is the proper forum for Thomas to air and litigate any defenses and complaints based upon Lenow's actions in the domestic proceeding. Thus, this Court must abstain from exercising any jurisdiction over

4

claims for relief which arise from the state court proceedings and decrees.

Further, Thomas may not sue Lenow for statements made during the state court proceedings. It is generally recognized that statements made in the course of a judicial proceeding that are relevant and pertinent to the issues involved are absolutely privileged and cannot be the predicate for liability in an action for libel, slander, or invasion of privacy. <u>Lambdin Funeral Service, Inc. v. Griffith</u>, 559 S.W.2d 791, 792 (1978); <u>Jones v. Trice</u>, 360 S.W.2d 48, 50-51 (1962); 62 Am. Jur. 2d Privacy § 14; 53 C. J. S. Libel & Slander § 104. This absolute privilege holds true even in those situations where the statements are made maliciously and corruptly. <u>Hayslip v. Wellford</u>, 263 S.W.2d 136, 42 A.L.R. 2d 820 (1953).

Thomas has no claim against Lenow for malpractice or professional negligence. A claim of common law negligence requires a duty of care owed by the defendant to the plaintiff, conduct falling below the applicable standard of care that amounts to a breach of that duty, an injury, cause in fact, and proximate of legal cause. <u>White v. Lawrence</u>, 975 S.W.2d 525, 529 (Tenn. 1998). In a legal negligence or malpractice case, the client must prove employment of the attorney, neglect by the attorney of a reasonable duty, and damages that resulted to the client from that neglect. <u>Blocker v. Dearborn & Ewing</u>, 851 S.W.2d 825, 826 (Tenn. 1993); <u>Sammons v. Rotroff</u>, 653 S.W.2d 740, 745 (Tenn. App. 1983). Thomas has alleged no relationship or circumstances under which Lenow owed him any legal duty. Furthermore, he admits that Lenow represented

5

the opposing party, Kim Daugherty. As there was no attorney-client relationship between Thomas and Lenow, Thomas' claim for malpractice has no basis in law or fact.

Plaintiff alleges that the defendant lied or otherwise abused process to cause him to be charged with crimes. A claim of malicious prosecution requires that plaintiff establish that a criminal proceeding has been instituted against the plaintiff, that such proceeding terminated in favor of the accused, that there was an absence of probable cause, and that there was malice or a primary purpose other than that of bringing the offender to justice. Sullivan v. Young, 678 S.W.2d 906, 911 (Tenn. App. 1984)(citing Landers v Kroger, 539 S.W. 130 (Tenn. App. 1976).

Thomas has been indicted by a Shelby County grand jury and is awaiting trial. He cannot establish, as required by law, that the proceedings have terminated in his favor and any claim of malicious prosecution have not yet accrued. See Rose v. Levy, 113 S.W. 1042, 1044 (1908). The Court expresses no opinion on the merit of this claim.

Accordingly, this complaint fails to state a claim upon which relief can be granted and is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(h)(3).

6

III. <u>APPEAL ISSUES</u>

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision <u>in forma pauperis</u>. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken <u>in forma pauperis</u> if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). Accordingly, it would be inconsistent for a district court to determine that a complaint fails to state a claim upon which relief may be granted, yet has sufficient merit to support an appeal <u>in forma pauperis</u>. See <u>Williams v. Kullman</u>, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). Thus, the same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would be frivolous.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith, and plaintiff may not proceed on appeal <u>in forma pauperis</u>.

The Sixth Circuit Court of Appeals decisions in <u>McGore v. Wrigglesworth</u>, 114 F.3d 601, 612-13 (6th Cir. 1997), and <u>Callihan v. Schneider</u>, 178 F.3d 800 (6th Cir. 1999), apply to any appeal filed by the plaintiff in this case. If plaintiff files a notice of appeal, he must pay the entire $255 filing fee required by 28 U.S.C. §§ 1913 and 1917, or file a request for leave to appeal <u>in forma pauperis</u> by filing "within thirty days after service of the district court's decision as prescribed by Fed. R. App. P. 24(a)(4), a motion with [the Sixth Circuit] for leave to proceed as

7

a pauper on appeal." Callihan, 178 F.3d at 803. Under Callihan, if the appellant does not within this thirty-day period either file the required motion or pay the filing fee, the appeal will be dismissed for want of prosecution. If the appeal is dismissed, it will not be reinstated once the fee is paid. Id. at 804.

IT IS SO ORDERED this __31__ day of May, 2005.

                                          BERNICE B. DONALD
                                          UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 2:04-CV-02881 was distributed by fax, mail, or direct printing on June 9, 2005 to the parties listed.

---

Joseph Thomas
2777 N. Buckner Blvd., #115
Dallas, TX 75228

Honorable Bernice Donald
US DISTRICT COURT